# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CHRISTOPHER BARNHART,**

**Plaintiff,**                                          Case No.:

v.

**SUWANNEE AMERICAN CEMENT COMPANY, LLC,**
A Foreign Limited Liability Company

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER BARNHART (hereinafter referred as "BARNHART" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant SUWANNEE AMERICAN CEMENT COMPANY, LLC (hereinafter referred as "SUWANNEE" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. BARNHART was hired by SUWANNEE in July 2014.

2. BARNHART began as a Loader and was later promoted to Laborer.

3. SUWANNEE produced cement products for construction markets in the states of Florida and Georgia.

4. BARHHART was employed at SUWANNEE'S Sumterville, Florida location.

5. By the very nature of its work, SUWANNEE is a corporation that is engaged in commerce.

6. SUWANNEE is engaged in an industry affecting commerce.

7. SUWANNEE employs more than fifty (50) employees.

8. SUWANNEE employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

9. Plaintiff is an "employee" as defined by the FMLA.

10. SUWANNEE is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

11. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

12. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

13. Plaintiff worked for SUWANNEE in Sumter County, Florida.

14. SUWANNEE conducts business in Sumter County, Florida.

15. Venue is proper in the Ocala Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

16. Plaintiff worked for SUWANNEE from approximately July 2014 to April 29, 2019.

17. Plaintiff was employed with SUWANNEE for more than one (1) calendar year leading up to March 2019.

18. Plaintiff worked over 1,250 hours for SUWANNEE during the year immediately preceding March 2019.

19. In July 2018, BARNHART was hospitalized for four days due to work-related breathing and other health issues.

20. BARNHART was diagnosed with asthma and atrial fibrillation.

21. BARNHART completed and submitted an FMLA form to SUWANNEE.

22. BARNHART's FMLA form fully described his condition and the potential need for occasion medical treatment, including days off.

23. In approximately January 2019, BARNHART applied for FMLA again due to his medical conditions.

24. SUWANNEE did not provide BARNHART the necessary leave to attend doctors' appointments.

25. Similarly, SUWANNEE did not allow BARNHART to stay away from the harmful work environment when needed.

26. Instead, BARNHART's supervisor, Juan Yanez ("Yanez"), stated he was "tired of dealing with all the paperwork" as it related to BARNHART's health and related needs.

27. Then, Yanez began a campaign of heightened scrutiny towards BARNHART in an effort to have him terminated.

28. Yanez also stopped allowing BARNHART to drive many of the vehicles he typically drove which severely limited his ability to perform.

29. These actions by SUWANNEE culminated in a fabricated "Last Chance Agreement."

30. The Last Chance Agreement effectively gave BARNHART no way to attend to his medical conditions without being fired.

31. BARNHART gave notices from his medical advisers as requested by the SUWANNEE.

32. SUWANNEE did not accommodate BARNHART's medical needs.

33. BARNHART was terminated on or about March 29, 2019.

34. Accordingly, SUWANNEE's actions and comments are *direct* evidence of its bias against Plaintiff for utilizing his FMLA rights.

35. SUWANNEE's actions interfered with Plaintiff's rights under the FMLA.

36. SUWANNEE retaliated against Plaintiff for engaging in his rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

37. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

39. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

40. SUWANNEE was Plaintiff's employer as defined by the FMLA.

41. Plaintiff gave SUWANNEE proper notice of his intention and need for FMLA leave.

42. SUWANNEE refused to allow BARNHART to take FMLA leave.

43. SUWANNEE scrutinized Plaintiff after his FMLA request by taking away his ability to drive vehicles and perform his duties.

44. SUWANNEE gave Plaintiff a policy where he effectively could not address his medical conditions after he applied for FMLA leave.

45. Plaintiff's termination was an adverse employment action.

46. SUWANNEE terminated Plaintiff because of his FMLA leave and/or FMLA related requests.

47. SUWANNEE's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

48. As a direct, natural, proximate and foreseeable result of the actions of SUWANNEE, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

49. Plaintiff has no plain, adequate or complete remedy at law for the actions of SUWANNEE, which have caused and continue to cause irreparable harm.

50. SUWANNEE's violations of the FMLA were willful.

51. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against SUWANNEE for their interference with his rights under the FMLA;

b. judgment in his favor and against SUWANNEE for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of SUWANNEE's conduct;

c. judgment in his favor and against SUWANNEE for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against SUWANNEE for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that SUWANNEE'S practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

52. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

53. Plaintiff was, at all times relevant, employed by SUWANNEE.

54. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

55. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

56. Plaintiff's request to utilize FMLA leave was protected activity.

57. Plaintiff's request to submit FMLA leave paperwork to SUWANNEE was protected activity.

58. Plaintiff gave SUWANNEE proper notice of his intention and need for FMLA leave.

59. SUWANNEE scrutinized Plaintiff after his FMLA request by taking away his ability to drive vehicles.

60. SUWANNEE scrutinized Plaintiff after his FMLA request by taking away his ability to drive vehicles and perform his duties.

61. Plaintiff's termination was an adverse employment action.

62. Plaintiff was terminated because of his attempt to use or usage of FMLA leave.

63. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

64. SUWANNEE was Plaintiff's employer as defined by the FMLA.

65. SUWANNEE discriminated and/or retaliated against Plaintiff because SUWANNEE knew he was eligible for leave under the FMLA.

66. SUWANNEE discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

67. SUWANNEE had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

68. SUWANNEE'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

69. SUWANNEE'S discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

70. SUWANNEE'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

71. As a direct, natural, proximate and foreseeable result of the actions of SUWANNEE, Plaintiff has suffered injuries for which he is entitled to compensation, including,

but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of SUWANNEE, which have caused and continue to cause irreparable harm.

73. SUWANNEE'S violations of the FMLA were willful.

74. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against SUWANNEE for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in his favor and against SUWANNEE for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of SUWANNEE'S conduct;

c. judgment in his favor and against SUWANNEE for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against SUWANNEE for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that SUWANNEE'S practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this  1st   day of April, 2020.

>Respectfully submitted,
>***/s/ Louis Montone***
>Carlos V. Leach, Esq.
>Fla. Bar No.: 540021
>Louis Montone, Esq.
>Fla. Bar No.: 0112096
>The Leach Firm, P.A.
>631 S. Orlando Ave., Suite 300
>Winter Park, Florida 32789
>Office:     (407) 574-4999
>Facsimile: (833) 813-7513
>E-mail: cleach@theleachfirm.com
>E-mail: lmontone@theleachfirm.com
>***Attorneys for Plaintiff***